assumption that the jury allowed an item properly submitted as well as the improper item, was not erroneous, where from the items of plaintiff's claim and the amount of the verdict the court was able to determine with reasonable certainty what items were included in the verdict.

2. CONTRACTS, § 384*—*when verdict not against weight of evidence.* In an action for services claimed to have been performed under an express contract, a judgment allowing one of the items of plaintiff's claim *held* not against the weight of evidence.

---

### G. Dette, Defendant in Error, v. Millie Pope, Plaintiff in Error.

#### Gen. No. 20,247.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOSEPH S. LABUY, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1914. Reversed and judgment here with finding of facts. Opinion filed March 11, 1915.

### Statement of the Case.

Action by G. Dette against Millie Pope to recover the sum of $137.50 claimed to be due the plaintiff as commission for the sale of certain property owned by defendant. From a judgment for plaintiff for $91.67, defendant brings error. Plaintiff also assigns cross-error upon the action of the court in entering judgment for but $91.67 instead of the full amount claimed, in view of the fact that there was no dispute as to the amount, if the plaintiff was entitled to recover at all.

SALTIEL & ROSSEN, for plaintiff in error.

JONES, KERNER & POSVIC, for defendant in error; DEWITT C. JONES, of counsel.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.

MR. JUSTICE SCANLAN delivered the opinion of the court.

## Abstract of the Decision.

1.   JUDGMENT, § 205*—*conformity to evidence in amount*.   Where in an action by a real estate broker to recover commission for the sale of property owned by defendant, the plaintiff made out a clear prima facie case, and the amount he was entitled to recover, if he was entitled to recover at all, was not disputed, the action of the court in entering judgment for less than that amount on the strength of an offer which plaintiff had made to settle for less than the amount claimed, which offer had not been accepted by defendant, was erroneous.

2.   APPEAL AND ERROR, § 1810*—*when judgment entered in Appellate Court*.   Where on a writ of error by defendant from a judgment against him plaintiff's cross-errors complained of the action of the court in entering judgment for less than the amount which the undisputed evidence showed he was entitled to recover, if entitled to recover at all, the Appellate Court on finding that plaintiff was entitled to recover the full amount claimed will enter judgment for the proper amount without remanding.

Simon Sleph et al., trading as Sleph, Sandrowitz & Goldblatt, Plaintiffs in Error, v. F. Grossman et al., trading as Grossman Brothers, Defendants in Error.

Gen. No. 20,114.   (Not to be reported in full.)

Error to the Municipal Court of Chicago; the Hon. JOHN K. PRINDIVILLE, Judge, presiding.   Heard in the Branch Appellate Court at the March term, 1914.   Reversed and remanded.   Opinion filed March 12, 1915.

*See Illinois Notes Digest, Vols. XI to XV, and Cumulative Quarterly, same topic and section number.